IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

FILED
FEB 27 2019
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

(1) LESLIE BROWN, JR.,

    Plaintiff,

vs.

(2) G. T. BYNUM,
(3) ANGELA BRADLEY,

    Defendants.

Case No. 19 CV 106 CVE - FHM

## CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. A. Sec. 1983, 1985

**A. Parties:**

**(1) Leslie Brown, Jr., is a citizen of the State** of Oklahoma who presently resides at 3773 North Garrison Ave., Tulsa, Oklahoma 74106.

(2) Defendant G. T. Bynum is a citizen of Tulsa, Oklahoma and at the time this cause of action arose he was acting as a member of the Tulsa City Council when he conspired with others, including the defendant named above—Angela Bradley to deny me of my civil and constitutional rights—including the right to procedural due process of law in violation of the Fourteenth Amendment to the

United States Constitution. Said individual was further acting under color of state law when he violated both my civil and constitutional rights.

(3) Defendant Angela Bradley is a citizen of the State of Oklahoma, the exact city thereof which is unknown to Plaintiff, however said individual is employed as an employee and agent of the Code Enforcement Office of the City of Tulsa, and was also so employed during all pertinent and relevant times concerning the allegation involving this lawsuit. The said Angela Bradley was further acting under color of state law when she conspired with numerous others to violate both my civil and constitutional rights.

**B. Jurisdiction**

1) Jurisdiction is asserted pursuant to: (Check one)
   - [X] 42 U.S.C. §1983 (applies to state prisoners)
   - [ ] Bivens v Six Unknown Named Agents of Fed. Bureau of Narcotics 403 U.S. 388 (1971) and 28 U.S.C. §1331 (applies to fed. prisoners)

2) Jurisdiction also is invoked pursuant to 28 U.S.C. §1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)
   42 U.S.C.A. Sec. 1985

-2-

C. **Nature of Case**

This action was previously filed by Plaintiff against the above-named Defendants and other agents of the City of Tulsa in this Court in Case No. 17-CV-526. That on or about February 27, 2018 the claims against the two defendants named above were ordered dismissed without prejudice because of Plaintiff's failure to file a written Response to said defendants Motion to Dismiss. Plaintiff has herewith filed again his claims against said defendants within the time limits allowed by Oklahoma statute, 12 O. S.A. Sec. 95 et seq.

In September, 2015 the Plaintiff was prevent by defendant Angela Bradley from finishing cutting and mowing his premises located at 3773 North Garrison Ave., in the City of Tulsa, Oklahoma. Plaintiff had previously received a notice for the City of Tulsa Code Enforcement Office that said premises had been declared to be an "alleged nuisance" because of alleged tall grass and weeds on the lawn of said property and alleged "trash and debris accumulated upon said property.

Plaintiff had hired and paid an individual to cut and weed eat the grass upon his lawn and further removed the "alleged trash and debris from his yard. The job was partially completed by both Plaintiff and individual who he had hired

but before the task was wholly completed the said Angela Bradley appeared at Plaintiff's premises one early morning before 9:00 a. m., along with others and attempted to complete mowing Plaintiff's premises. Plaintiff informed the said racist and bigoted Angela Bradley that she could leave because Plaintiff and the person whom he had hired had began and intended on finishing the job but the said racist and bigoted Angela Bradley informed Plaintiff if he did not allow the others with him to finish mowing and cleaning she would call the police and that Plaintiff would be arrested. The said racist and bigoted Angela Bradley thereafter called the Tulsa Police Department, and officers soon thereafter arrived and informed Plaintiff to either let the others finish mowing and cleaning his yard or he would be arrested and go to jail. Plaintiff thereafter allowed the contractors of the City of Tulsa to re-cut the portion of his yard which had already been cut and weed eat the back yard rather than be incarcerated.

When Plaintiff attempted to appeal the racist and discriminatory actions of Bradley and the Tulsa Police Department he was not allowed to have the full benefits of the appeal process in relation to nuisance actions, as defendant Bynum acting as a member of the Tulsa City Council conspired with other members thereof to deny Plaintiff of his rights to participate in a meaningful

hearing and contest the arbitrary, capricious, and discriminatory actions of Bradley and the City of Tulsa's Code Enforcement Office.

### D. CAUSE OF ACTION

a)  (1) Count 1  <u>Denial of substantive due process of law</u>

Supporting facts: Plaintiff herewith adopts all statements, allegations, and averments contained in Section C. Nature of Case above, as his Statement of supporting facts in relation to Count 1 for his contention of denial of substantive due process of law in this cause. That Plaintiff had both a common law and constitutional right to abate any alleged nuisance contended by the defendants above, i.e. defendant Bradley. Plaintiff was prevented by Bradley and members of the Tulsa Police Dept., from continuing to abate said alleged nuisance and completing the cutting and weed eating of his yard, without threat of arrest. The refusal to allow Plaintiff to continue and finish cutting his yard was a clear violation of Plaintiff's common law right to abate an alleged nuisance and a clear denial to Plaintiff of substantive due process of law. Defendant Bradley's actions in failing to allow Plaintiff to finish the cutting of his yard was further arbitrary and capricious and done by said defendant because of her racial bias and prejudice against Plaintiff and African-Americans in general.

-5-

c) Count III Denial of equal protection of law

Supporting Facts: That Plaintiff hereby adopts all statements, averments, and allegations set forth above in his statements contained in C. Nature of Case in support of his Supporting Facts in this count for denial of equal protection of law. That defendant Bradley's actions in this cause were based upon selective enforcement with her practices in her enforcement activities which are discriminatory against African-American citizens. That said defendant purposefully and intentionally discriminates against African-American residents and property owners in her code enforcement activities, and she neglects to enforce the same city ordinances and regulations against Caucasian owners of property within the City which would and should also be declared as nuisances. Plaintiff possesses pictures of numerous other properties either owned by Caucasians and/or owned and controlled by the City of Tulsa which the City of Tulsa, and code enforcement officers, including defendants Bradley and Cox totally ignore and fail to cite and/or prosecute as alleged nuisances, while properties owned and controlled by African Americans are accorded much stricter

— 6 —

scrutiny, enforcement, and prosecution by Bradley, Cox, and other code enforcement officers. Said discriminatory actions by defendants is purposeful and intentional and a clear violation of equal protection of law.

That the selective enforcement of alleged nuisance violations against Plaintiff in relation to the property which he is a lessor of denies to Plaintiff equal protection –as said selective enforcement is done with the purposeful intention of discriminating against him because of his race.

That Plaintiff had a personal one on one conversation with defendant Jack Henderson concerning his appeal of the nuisance abatement actions of the City of Tulsa in relation to the real property which he was a lessee of. That the said Jack Henderson virtually told Plaintiff at said hearing "that he was wasting his time trying to contest said actions because the City Council members routinely deny all appeals by citizens—particularly blacks. Henderson further informed Plaintiff there was little and nothing that he could do to assist Plaintiff in relation to his contest of the nuisance actions of the City of Tulsa because they constantly and routinely harass and scrutinize property on the North Side of Tulsa stricter than other portions of the City.

-7-

c) Count IV: Conspiracy to violate civil rights and commit fraud.

Supporting facts:   That Plaintiff herewith adopts all statements contained above, in all counts above, including all statements and averments contained in Section C. Nature of Case above in support of his Supporting facts in this instant cause for conspiracy to violate civil rights.  That said defendant Bradley did conspire with members of the Tulsa Police Dept., defendant Cox, and all other members of the Tulsa City Council to violate Plaintiff's constitutional rights alleged above.  Said members of the Tulsa City Council were and are knowledgeable of Bradley and Cox's infirm constitutional actions in relation to their discrimination against African-American residents of the City of Tulsa, and

their selective enforcement of city ordinances and regulations regarding alleged nuisances, however said City County members acquiesce and tacitly approve said infirm constitutional actions—acting in conspiracy with Bradley and Cox.

That defendants Bynum further knows it is a plan and scheme of Bradley and Cox to encumber property owned and controlled by African Americans within the City of Tulsa with tax assessments for unpaid charges for maintenance of said alleged derelict properties.

That defendant Bynum personally participated in said conspiracy by not allowing Plaintiff an opportunity to contest Bradley's discriminatory actions against Plaintiff

-8-

E. **REQUEST FOR RELIEF**

That Plaintiff hereby request he be granted the following relief:

1. Actual damages against defendant G. T. Bynum in the sum of $25,000.00.

2. Actual damages against defendant Angela Bradley in the sum of $75,000.00.

3. Punitive damages against the defendant Angela Bradley in the sum of $75,000.00.

WHEREFORE, all premises considered he be awarded damages against said defendant in the amount of $175,000.00. Plaintiff further prays and request he be granted all rights in law and equity which he may show himself entitled at a Jury trial of this cause.

*Leslie Brown Jr*

LESLIE BROWN, JR.,

Plaintiff Pro Se

3773 North Garrison Ave.

Tulsa, Okla. 74106

-9-